

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. Pat Edwards
Civil District Attorney
Dallas County
Dallas 2 Texas

Dear Mr. Edwards:

Opinion No. O-5865

Re: Whether Article 7252 V.A.C.S. removes all deputies, assistants and employees of the Tax Assessor and Collector in counties of more than 355,000 population or only "special deputies" and "special automobile department head" from the limitations on compensation provided by Article 3912e.

We are in receipt of your letter of February 11, 1944, which is as follows:

"In 1959 the 46th Legislature, at its Regular Session, adopted House Bills Nos. 822 and 823. House Bill No. 822 being an amendment to Art. 7252 of the Revised Statutes, and House Bill No. 823 being an amendment to Subsection (h) of Section 19, Chapter 465 of the Acts of the 46th Legislature, which is listed in Vernon's Annotated Civil Statutes as Article 3912e, Subsection (h). House Bill No. 822 is found on page 971 of the Special Laws of the Regular Session of the 44th Legislature, and House Bill No. 823 is found on page 744 of the Special Laws of said Legislature.

"Said House Bill No. 823 being Art. 3912e, Section 19(h) among other provisions, provides as follows:

"'Whenever any district or county officer, or precinct officer when such precinct officer is compensated on a salary basis, with the exception of district attorneys and criminal district attorneys, shall require the services of deputies, assistants and employees, in the performance of his duties, he shall apply in writing to the Commissioners Court of his county for authority to appoint such depu-

TION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable u. Pat Edwards - page 2

ties, assistants, and employees, such written application to be sworn to and to set forth the number needed, the positions to be filled, the duties to be performed, and the amount of compensation to be paid.' and;

"'Each such application shall be accompanied by a statement showing the probable receipts from fees, commissions, and compensation to be collected by the office of the officer so applying during the fiscal year which shall include all salaries and expenses of such office, and said Court shall make its order authorizing the appointment of such deputies, assistants, and employees, and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed, as in the discretion of said Court may seem proper.'

"And further provides;

"The maximum compensation which may be allowed to the deputies, assistants and employees of the officers hereby affected for their services shall be as follows;

"'First Assistant or Chief Deputy not to exceed Three Thousand, Six Hundred Dollars ($3,600.00) per annum, one Assistant Chief Deputy not to exceed Three Thousand Dollars ($3,000.00) per annum; other assistants, deputies, and employees not to exceed Two Thousand, Four Hundred Dollars ($2,400.00) per annum each; provided further that the First Assistant or Chief Deputy in county and district offices affected hereby shall receive not less than Three Thousand Dollars ($3,000.00) per annum; provided further that heads of departments may each be allowed by the Commissioners Court, when necessary in the judgment of such Court, to receive respective salaries not to exceed the rate of Two Thousand, Five Hundred Dollars ($2,500.00) per annum, when such heads of departments sought to be appointed shall have previously served the county or district by which they are employed for not less than two (2) continuous years, but no head of a department shall be created except where the person sought to be appointed is to be in actual charge of the department with deputies or assistants under his supervision, and such heads of departments shall only be appointed in offices capable of a bona fide subdivision into departments; provided further, that in all counties affected by this Act, having more than one District Court or Criminal District Court, the deputies or assistants of the District Clerk, who are regularly assigned to serve in such Courts as clerks, shall be con-

Honorable M. Pat Edwards - page 3

sidered as heads of departments within the meaning of this Act.'

'House bill No. 822 being Vernon's Revised Civil Statutes, Article 7252 as to counties having a population in excess of 355,000 inhabitants, provides as follows:

''* * * provided, that in counties having a population of three hundred and fifty-five thousand (355,000) or more according to the last preceding Federal Census, the Assessor and Collector of Taxes may in addition contract with "special deputies" having special technical training, skill, and experience for the purpose of assisting him in obtaining information upon which to base proper valuations of oil and mineral bearing lands and properties and interests therein, industrial and manufacturing plants, and other properties where special technical skill and training is required. In addition thereto such special assistants, clerical, accounting, or stenographer, as may be necessary to conduct the organization herein provided for and to carry out the purposes of this Act may be applied for and appointed in like manner provided they shall be appointed only for the purposes consistent with this Act. In addition thereto, the Assessor and Collector of Taxes shall be authorized to apply for the appointment of a special head of the automobile division of his office at a salary not to exceed Two Thousand, Seven Hundred Dollars ($2,700) per annum. The compensation to be paid such "special deputies" and "special automobile department head" shall be subject to the approval of the Commissioners Court and the County Auditor, and limitations upon the amount of such compensation elsewhere provided shall not apply. The contract of employment shall be for a definite term, not extending beyond the term of office of the Assessor and Collector, and shall be made upon sworn application to the Commissioners Court showing the necessity therefor, and shall be subject to approval both as to substance and as to form by the Commissioners Court and by the County Auditor.'

'Section 2 of House Bill No. 822, being the amendment to Article 7252, which Section 2 is not shown in the Vernon's Revised Civil Statutes, reads as follows:

''The fact that no means is now provided by which the Assessor and Collector of Taxes may obtain information upon which to base current assessment of properties where technical skill and training is required, that he is thereby

Honorable H. Pat Edwards - page 4

bound to take renditions of such property at the value fixed by the owner, that thereby many properties escape their just share of the burden of taxation, and the further fact that 'salary limitations upon deputies employed for the purpose of performing the ordinary clerical duties in his office make it impossible to obtain technically trained and skilled persons competent to obtain the necessary data upon which to determine proper valuations of property in which special technical knowledge and training is required", create an emergency, and make it imperative that the Constitutional Rule requiring bills to be read on three separate days in each House be, and it is hereby suspended, and this Act shall take effect and be in full force from and after its passage, and it is so enacted.'

"Inquiry has been made to this office for construction of the above statutes as to the limitations placed thereby upon the salaries which can be legally paid to the deputies of the Assessor and Collector of Taxes of Dallas County, (Dallas Count having a population in excess of three hundred and fifty-five thousand (355,000) inhabitants), and I shall therefore appreciate your assistance on the points in issue.

"It is our opinion the provisions of House Bill No. 822 Special Laws of the 46th Legislature 1939, amending Article 7252, namely:  'The compensation to be paid such Special Deputies and Special Automobile Head shall be subject to the approval of the Commissioners Court and County Auditor, and limitations upon the amount of such compensation elsewhere provided shall not apply,' means that except as to those 'Special Deputies' having special technical training, skill and experience, and except as to said 'Special Automobile Department Head' the limitations as to salaries of all other deputies, special assistants, clerical, accounting or stenographers do apply.

"This construction occurs to us is borne out by the emergency clause of House Bill No. 822 above quoted in that the reason for the special amendment of House bill No. 822 in so far as salaries are concerned is set forth as 'the further fact that salary limitations upon deputies employed for the purpose of performing the ordinary clerical duties in his office make it impossible to obtain technically trained and skilled persons competent to obtain the necessary data upon which to determine proper valuations of property in which special technical knowledge and training is required.'

Honorable H. Pat Edwards - page 5

"In other words, we believe that the limitations as to the maximum salaries placed upon the deputies, assistants and employees of the Tax Assessor and Collector by Article 3912e, Section 19(h), applies to all of his deputies, special assistants, clerical, accounting and stenographers, and all his employees except those 'special deputies' having special technical training, skill and experience with whom he may, with the permission of the Commissioners Court, enter into a special contract, and the special head of the automobile division, whose salary is specifically fixed at Twenty seven Hundred Dollars ($2700.00) per annum.

"Our construction has been questioned by the Tax Assessor and Collector, who contends that the legal effect of Article 7252 in so far as same is applicable to counties having a population of more than three hundred and fifty-five thousand (355,000) inhabitants, is to remove entirely the limitations placed upon the salaries payable by him by Article 3912e, paragraph h. He contends that by designating his deputies or employees as 'special assistant, clerical, accountant or stenographer' he may pay such employee any sum he may determine, subject, of course, to the approval of the Commissioners Court.

"Will you, therefore, kindly advise whether or not you can concur in our opinion that the provision of Article 7252 that 'limitations upon the amount of such compensation elsewhere provided shall not apply' removes from the limitations fixed by Article 3912e, Section h, only those 'Special Deputies' having special technical training, skill and experience with whom the Tax Assessor and Collector may enter into a special contract with the approval of the Commissioners Court and the 'Special Automobile Department Head.'"

We have carefully considered the bill and statutes mentioned above, parts of same being set out in substance by you. We concur in your well-reasoned opinion, and adopt same as the opinion of this Department.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Robert L. Lattimore Jr.*
Robert L. Lattimore, Jr.
Assistant

RLL-MR

APPROVED OPINION COMMITTEE BY *BWB* CHAIRMAN